IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES E. DUNMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-cv-00171-NJR |
| | ) | |
| STEPHEN B. DUNCAN, | ) | |
| BETH TREDWAY, | ) | |
| LOUIS SHICKER, | ) | |
| JOHN B. COE, | ) | |
| PHIL MARTIN, and | ) | |
| ILLINOIS DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff James Dunmore is currently incarcerated at Lawrence Correctional Center ("Lawrence"). (Doc. 1.) Proceeding *pro se*, Dunmore has filed a complaint pursuant to 42 U.S.C. § 1983, arguing that defendants violated the Eighth Amendment, the Americans with Disabilities Act, the Rehabilitation Act, and the Civil Rights of Institutionalized Persons Act. He brings this action against several Lawrence officials, the medical director of the Illinois Department of Corrections ("IDOC), and the IDOC. He seeks declaratory, injunctive, and monetary relief. (*Id.* at 10-12.)

This matter is now before the Court for a preliminary review of Dunmore's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify

cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

The complaint alleges the following facts. Dunmore was transferred to Lawrence from Menard Correctional Center on a medical transfer. (*Id.* at 3.) He arrived at Lawrence on August 10, 2012. (*Id.*) Dunmore was to receive physical therapy at Lawrence and begin the process of recovery after having undergone back surgery in November 2011. (*Id.*) He has been confined to a wheelchair since the surgery. (*Id.*)

Dunmore began treatment with an on-site physical therapist on October 31, 2012. (*Id.*) By January 9, 2013, however, his treatment ended. (*Id.*) Apparently, his physical therapist discontinued therapy because Dunmore had not shown signs of recovery and because of the lack of appropriate medical devices at Lawrence. (*Id.* at 4, 9.) Dunmore also claims that the physical therapy program at Lawrence had only been in place for about a year and that it did not have "very much . . . to offer" him. (*Id.* at 3-4.)

On March 28, 2013, Dunmore attempted to use the toilets located on the Lawrence prison yard. (*Id.* at 7.) The toilets were not wheelchair accessible, however, and so he was unable to use them. (*Id.*) He asked correctional employees many times to be allowed to use the "cell-house" restrooms, but he was prohibited from doing so. (*Id.*) He was told that if he went inside the cell-house, he would not be allowed to re-enter yard for the remainder of his designated time. He states that he was thus "force[d] to urinate on himself." (*Id.*)

From January through September 2013, Dunmore wrote several letters to prison officials, including defendants Health Care Administrator Dr. Phil Martin, Dr. Louis Shicker, Agency

Medical Director at IDOC, and Lawrence Medical Director Dr. John Cole, concerning the need for a "Medical Recovery/ADA Transfer." (*Id.* at 4-5.)[1] He also filed grievances with Lawrence and IDOC officials, including Assistant Warden Tredway, regarding officials' refusal to grant him a medical transfer, and Lawrence's alleged violation of the ADA due to Dunmore's inability to access the toilets in the prison yard. (*Id.* at 5.)

## Discussion

To facilitate the management of future proceedings, and in accordance with the objectives of Federal Rules of Civil Procedure 8 and 10, the Court finds it appropriate to break the claims in Dunmore's *pro se* complaint into numbered counts, as shown below. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Martin, Shicker, Coe, and IDOC were deliberately indifferent to Plaintiff's serious medical condition when they failed to ensure that Plaintiff receive adequate physical therapy and transfer him to a facility with an adequate physical therapy program.

> **COUNT 2:** Tredway and IDOC violated the Americans with Disabilities Act, the Rehabilitation Act, and the Civil Rights of Institutionalized Persons Act when they failed to install wheelchair accessible toilets.[2]

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which

---

[1] Dunmore's wife wrote a letter to defendant Shicker on February 10, 2013, urging him to transfer her husband to another facility for treatment. (*Id.* at 4.)
[2] Plaintiff also implicates a "Chief Administrative Officer" under this count, however, this defendant was not mentioned in the complaint's caption or "Jurisdiction" section. Therefore, the Court does not consider this individual to be a party to this action.

involves chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan,* 511 U.S. 825, 842 (1994).

In this case, Dunmore's back injury, confinement to a wheelchair, and ongoing pain indicate the presence of a serious medical condition that satisfies the objective component of an Eighth Amendment claim. The remaining question is whether officials acted or failed to act with deliberate indifference to a known risk of serious harm.

Dunmore contends that he requires "advanced" physical therapy of the kind unavailable at Lawrence. Without such treatment, Dunmore insists he will be confined to a wheelchair for the rest of his life. He requested that he be transferred to a facility with a more robust physical therapy program in letters written to defendants Martin, Shicker, and Coe, but to no avail. It cannot be determined at this juncture whether the denials of Dunmore's requests rise to the level of deliberate indifference or whether the response was appropriate in light of Dunmore's medical needs. Accordingly, Dunmore's claims in Count 1 against **Martin, Shicker, Coe, and IDOC** shall receive further review.

Dunmore cannot pursue a claim for money damages against IDOC under § 1983, however, because it is a state government agency. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are

'persons' under § 1983."). But to the extent Dunmore seeks injunctive relief against IDOC, he shall be permitted to proceed in that regard.

Count 2 also survives preliminary review. Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq.* prohibit discrimination against qualified individuals because of their physical or mental disability, including a failure to accommodate a disability. In order to make out a prima facie under both the ADA and RA, a plaintiff must show that (1) he suffers from a disability as defined in the statutes, (2) he is qualified to participate in the program in question, and (3) he was either excluded from participating in or denied the benefit of that program based on his disability. *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005). The RA further requires that a plaintiff show that the program in which he was involved received federal financial assistance. *Id.* at 810 n.2; *see also* 29 U.S.C. § 749(a)*; Novak v. Bd. of Trustees of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015).

The ADA applies to state prisons, *Penn. Dep't of Corr. v. Yeskey,* 524 U.S. 206 (1998), and all such institutions receive federal funds, *Jaros v. Illinois Dept. of Corrections,* 684 F.3d 667 (7th Cir. 2012). Thus, the two statutory schemes are applicable to this situation. Plaintiff is confined to a wheelchair due to his back impairment, and therefore has a disability as defined in the ADA and RA. The Seventh Circuit has recognized that access to certain housing facilities, including toilets in a prison setting, is protected by the ADA and RA. *See id.* at 670 (Adequate facilities to "wash and use the toilet are among the minimal civilized measures of life's necessities that must be afforded prisoners."). The complaint indicates that this lack of accommodation to use a toilet while in the yard is not temporary and that Dunmore was forced to urinate himself on at least one occasion because of this lack of accessibility. He has therefore

pleaded a plausible claim for failure to make a reasonable accommodation at this early stage in this litigation.

But Count 2 cannot proceed against defendant Tredway. The only proper defendant in a claim under the ADA or RA is the state agency (or a state official acting in his or her official capacity). "[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA." *Jaros,* 684 F.3d at 670 (additional citations omitted). Dunmore has included IDOC as a named defendant, and it would be duplicative and unnecessary to include any other individual defendants in this count, even in their official capacity. Count 2 shall therefore proceed against the IDOC only for compensatory damages and injunctive relief, but not punitive damages. Defendant Tredway is dismissed without prejudice from Count 2.

Plaintiff also brings Count 2 under the Civil Rights of Institutionalized Persons Act ("CRIPA"). That act, however, does not create a private right of action in favor of an individual. *See Pope v. Bernard*, 2011 WL 478055, at *1 (1st Cir. Feb. 101, 2011); *Price v. Brittain*, 874 F.2d 252, 262 (5th Cir. 1989); *McRorie v. Shimoda*, 795 F.2d 780, 782 n.3 (9th Cir. 1986); *Weisman v. New Jersey Dept. of Human Servs.*, 817 F.Supp.2d 456, 462 (D. N.J. 2011); *Bieros v. Nicola*, 860 F.Supp. 226, 235 (E.D. Pa. 1994). Therefore, the claims in Count 2 under CRIPA are dismissed.

Also, Dunmore's claims shall not proceed against Defendant Warden Duncan. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). Given this personal involvement requirement, "§ 1983 does not allow actions against individuals merely for their supervisory role." *Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir. 2000). Dunmore's

allegations against Duncan focus on the fact that he is "the Warden of Lawrence Correctional Center" and is "legally responsible for the operation" of Lawrence. But Duncan's role as chief administrative officer of the prison is not enough, on its own, to render him personally involved in the actions of his subordinates. *See, e.g., Smith v. Husz,* 384 F. App'x 514, 515 (7th Cir. 2010) ("[Section] 1983 does not allow actions against persons merely because of their supervisory roles."); *Burks v. Raemisch,* 555 F.3d 592, 593 (7th Cir. 2009) (noting that "Section 1983 does not establish a system of vicarious responsibility," and finding that "public employees are responsible for their own misdeeds but not for anyone else's"). Therefore, Duncan is dismissed from this action without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNT 1** against Defendants **MARTIN**, **SHICKER**, **COE**, and **IDOC**, and on **COUNT 2** against Defendant **IDOC**. Defendants Tredway and Duncan are **DISMISSED** from this action without prejudice.

As for **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **MARTIN**, **SHICKER**, **COE**, and **IDOC**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff's Motion for Service at Government's Expense (Doc. 4) is **GRANTED**.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including the disposition of Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 15, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**